IN THE SUPREME COURT OF THE STATE OF DELAWARE

RONALD BOULDEN, §
§
Defendant Below, § No. 309, 2025
Appellant, §
§ Court Below: Superior Court
v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 2404004434 (N)
§
Appellee. §
§

Submitted: March 17, 2026
Decided: May 7, 2026

Before **SEITZ**, Chief Justice; **VALIHURA**, **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices, constituting the Court *en Banc*.

## **ORDER**

The Court, having considered the briefs and the record below, and after oral argument, rules as follows:

(1)    A grand jury indicted Ronald Boulden for crimes relating to pointing a gun at his neighbor and threatening to kill him.  A Superior Court jury found Boulden guilty of Aggravated Menacing and Terroristic Threatening.  The court sentenced Boulden to four years at Level V, with credit for time served, suspended for 18 months of Level III probation, to be suspended after 12 months for 6 months at Level II.  Boulden has appealed his convictions.  He claims that the Superior Court erred by denying his motion *in limine* to dismiss the charges or by not providing a missing

evidence instruction related to doorbell camera video and audio evidence. We affirm.

(2)     According to the evidence at trial, Boulden and Alessi were neighbors in New Castle, Delaware.[1]  On April 10, 2024, Alessi was changing car tires in his driveway.[2]  Alessi saw that Boulden's granddaughter had arrived at Boulden's home.[3]  Alessi walked towards Boulden's property but remained on another neighbor's driveway and spoke with her.[4]  He asked the granddaughter to speak with his stepdaughter and resolve their dispute.[5]

(3)     Boulden came out of his house, began screaming to "get out," and pointed a gun at Alessi.[6]  Alessi replied that he was not on Boulden's property.[7]  Boulden responded that he did not care and threatened to kill him.[8]  Alessi backed

---

[1] Appendix to Appellant's Opening Br. at A71 [hereinafter A__].

[2] A98–99.

[3] A99.

[4] A99–100, A102.  The other neighbor's driveway was located in between Alessi's and Boulden's properties.  A99–100.

[5] A99–100.

[6] A100–101.

[7] *Id.*, A112.

[8] A100–103.

away from Boulden's property towards his garage and called the police.[9]

(4) After the police arrived, a neighbor came out of another home.[10] While the police watched, the neighbor scrolled through his doorbell camera clips on his cell phone.[11] They identified two clips, but only one had recorded part of the incident.[12] The one clip captured a verbal exchange between Alessi and Boulden.[13] Police determined that the clip did not capture any video evidence of the incident.[14] The police replayed the clip and recorded the audio on Corporal Andrew Davis's bodycam.[15]

(5) The police took Boulden into custody and obtained search warrants for his home and car.[16] They recovered a revolver from Boulden's residence.[17] The State charged Boulden for Possession of a Firearm During the Commission of a

---

[9] A100–101, A112.

[10] A71, A260, at 0:10.

[11] A260, at 0:20.

[12] *Id.* at 1:58.

[13] *Id.* at 2:17.

[14] *Id.* at 2:00.

[15] A71, A74–75, *id.* The bodycam footage only captures the audio from the doorbell camera clips. Boulden was not seen walking into the view of the doorbell camera. A74–75, A247.

[16] A79–80, A84–85.

[17] A91, A125–27.

Felony, Aggravated Menacing, and Terroristic Threatening.[18]

(6)     On the day of trial, Boulden filed a motion styled as a motion *in limine* to dismiss the case, or in the alternative, to provide a missing evidence instruction under *Lolly v. State*.[19]  Boulden argued that the police had a duty to preserve the neighbor's doorbell video evidence.  The court denied the motion, finding that the doorbell video was not in the police's possession and that the police did not have a duty to ask for the video at the time.[20]  The court also held that, even if the police had a duty to collect the video, "the purported failure to collect . . . was not negligent or in bad faith" and therefore did not require a missing evidence instruction.[21] Finally, the court found that the police preserved the relevant evidence because the bodycam captured the audio while the police reviewed the video clips.[22]

(7)     On the second day of trial, the court granted Boulden's motion for judgment of acquittal on the Possession of a Firearm During the Commission of a

---

[18] A1, A5–6.

[19] A231–43; *see Lolly v. State*, 611 A.2d 956 (Del. 1992).  Boulden sought the missing evidence instruction to explain that if the video had been extant, it "would have tended to exculpate" him. Opening Br. at 4.

[20] A28–30.  The court was "not prepared to make a blanket statement at this time that the police are required to ask for the video under every circumstance as [Boulden] implies."  A29–30.

[21] A30.

[22] *Id.*

4

Felony count.[23]  The jury found Boulden guilty of the two remaining charges.[24]

(8)    On appeal, Boulden argues that the court erred when it denied his motion *in limine* to dismiss or give a missing evidence instruction.  He argues that the case should have been dismissed because the State failed to preserve potentially case dispositive evidence.  Alternatively, he claims that the court should have given a missing evidence instruction because the full doorbell camera footage, if it had been preserved, would have been exculpatory.  We review the issues of law presented in this appeal *de novo*.[25]

(9)    Although Boulden's motion *in limine* sought two forms of relief, the trial court properly confined its analysis to one – a *Deberry/Lolly* missing evidence instruction.  A motion to dismiss should be raised through a dispositive motion, not a motion *in limine*.[26]  The court did not err by denying in summary fashion the

---

[23] A135–40, A167–73.

[24] A220–21.

[25] *Hercules, Inc. v. AIU Ins. Co.*, 784 A.2d 481, 499 (Del. 2001) ("We review *de novo* the trial court's initial determination that the motion in limine was actually a [dispositive] motion."); *Coleman v. State*, 289 A.3d 619, 623–24 n.16 (Del. 2023) (reviewing a trial court's denial of a requested *Deberry/Lolly* instruction *de novo*); *Baynum v. State*, 133 A.3d 963, 967 (Del. 2016) (same).

[26] *See Erhart v. DirecTV, Inc.*, 2012 WL 2367426, at *3 n.5 (Del. Super. June 20, 2012) ("The majority of these motions *in limine* should have been filed as motions to dismiss or motions for partial summary judgment.  Since the deadline for dispositive motions has long since expired, the Court could just as easily have declined to decide these matters."), *aff'd* 53 A.3d 301, 2012 WL 4137289 (Del. Sep. 19, 2012) (TABLE) (denying motion for interlocutory appeal); *see also Hercules, Inc.*, 784 A.2d at 499–500 (denying the "motion *in limine*" because it was actually an untimely motion for summary judgment).

request to dismiss because the request was procedurally improper.

(10)  The court also did not err by denying the request for a missing evidence instruction.  In a criminal case, the defendant is entitled to a so-called *Deberry/Lolly* missing evidence instruction when the State fails to collect or preserve evidence material to the defense.[27]  The judge instructs the jury to infer that the missing evidence, had it been available at trial, would have tended to prove that the defendant was not guilty.[28]  Before a *Deberry/Lolly* instruction is warranted, however, the police must have a duty to collect that evidence.  For the duty to exist, "the police must have had a reason, at that time, to believe the evidence might be exculpatory."[29]

(11)  In this case, there was no duty to collect the doorbell video evidence. The neighbor played two video clips from the doorbell camera while police watched.[30]  The police determined that only one video clip at 4:03 p.m., the time of the verbal altercation, was material.[31]  And that clip did not capture video of the

---

[27] *Coleman*, 289 A.3d at 623-26 (reviewing in detail *Lolly*, 611 A.2d 956 and *Deberry v. State*, 457 A.2d 744 (Del. 1983)).

[28] *Id.*

[29] *Powell v. State*, 49 A.3d 1090, 1101 (Del. 2012) (citing *Weber v. State*, 38 A.3d 271, 275 (Del. 2012)).

[30] A260, at 1:10, 1:30, 2:00.

[31] *Id.* at 1:10, 1:58.

6

altercation – only audio.[32] Thus, the doorbell camera video did not capture video evidence that might be exculpatory. And the police captured the audible audio evidence of the dispute on the officer's bodycam.[33] No missing evidence instruction was required.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[32] *Id.* at 2:00.

[33] A247, *id.* at 2:17.